

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Michael D. Bergman
Office of General Counsel
Phone: (202) 326-3184
Email: mbergman@ftc.gov

February 6, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

      Re: *FTC v. Apex Capital Group, LLC,* No. 22-55342

Dear Ms. Dwyer:

    I write to bring to the Court's attention the Eleventh Circuit's recent decision in *FTC v. Simple Health Plans LLC*, No. 21-13116, 2023 WL 465660 (11th Cir. Jan. 27, 2023), a published opinion directly pertinent to an issue in this case. *See* F.R.A.P. 28(j).

    A threshold issue in this case is whether Wells Fargo has Article III standing to intervene as of right. The bank contends (Br. 5-6, 21-25) that it suffered a redressable injury from the district court's appointment of a Receiver who allegedly lacks the authority to marshal the assets of the underlying defendants, including claims against third parties such as the bank. The argument is that the underlying monetary judgments are no longer supportable under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), after *AMG Cap*. *Mgmt*., *LLC v. FTC*, 141 S. Ct. 1341 (2021). We showed (FTC Br. 6-8, 19-23) that the appointment of the Receiver and his ongoing lawsuits have caused no injury because the judgments are independently supported by Section 19 of the FTC Act, 15 U.S.C. § 57b, which allows monetary remedies in certain situations notwithstanding *AMG*. Specifically, the underlying judgments rested in part on violations of the Restore Online Shoppers' Confidence Act (ROSCA), which can be enforced under Section 19. The Receiver therefore could pursue collection efforts to support the judgments.

Molly Dwyer, Clerk
Page 2

      In *Simple Health*, the Eleventh Circuit held that Section 19(b), 15 U.S.C. § 57b(b), "authorizes the district court to grant 'such relief as the court finds necessary to redress injury to consumers,'" including receiverships to preserve funds for consumer redress. *Id.*, 2023 WL 465660, at *4-*5. The Eleventh Circuit recognized that receivers have long been appointed to preserve property and are often necessary for meaningful consumer redress. *Id.* at *5. That holding directly supports the district court's appointment of the Receiver and the Receiver's efforts to marshal assets necessary to redress the defendants' violations of ROSCA.

                                        Sincerely,

                                        s/ *Michael D. Bergman*
                                        Michael D. Bergman
                                        Attorney

## CERTIFICATE OF COMPLIANCE

    I certify that the body of the foregoing letter contains 317 words and is thus in compliance with the 350-word count limit in Fed. R. App. P. 28(j) and 9th Cir. R. 28-6.

February 6, 2023                                            *Michael D. Bergman*
                                                         Michael D. Bergman
                                                         Attorney
                                                         Federal Trade Commission

## CERTIFICATE OF SERVICE

    I certify that on February 6, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

February 6, 2023                                            *Michael D. Bergman*
                                                         Michael D. Bergman
                                                         Attorney
                                                         Federal Trade Commission