# McGuireWoods

**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**Brian D. Schmalzbach**
Direct: 804.775.4746
bschmalzbach@mcguirewoods.com

February 13, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

**Re: No. 22-55342, *FTC v. Apex Capital Group, LLC***

Dear Ms. Dwyer,

Contrary to the FTC's February 6 Rule 28(j) letter, *FTC v. Simple Health Plans LLC*, 2023 WL 465660 (11th Cir. Jan. 27, 2023), is irrelevant to Wells Fargo's Article III standing to intervene.

*Simple Health* simply does not address standing. Rather, it addressed a merits question about the scope of available relief under Section 19 of the FTCA, 15 U.S.C. § 53(b). 2023 WL 465660, at *4. The FTC's *Simple Health* argument rests on a category mistake: because (FTC says) Section 19 creates a *merits* basis for appointing the Receiver apart from Section 13, then (FTC says) Wells Fargo lacks *standing* because its injury caused by the unlawful Section 13 appointment cannot be redressed.

But as Wells Fargo has explained, standing is a jurisdictional question that "'precedes, and does not require, analysis of the merits.'" Opening Br. 24 (quoting *Maya v. Centex Corp.*, 657 F.3d 1060, 1068 (9th Cir. 2011)). Article III requires merely that the requested relief would likely redress Wells Fargo's injury. The requested modification of the appointment order would indisputably redress that injury.

In any event, *Simple Health* confirms that relief under Section 19 is *not* coextensive with the campaign the district court breathed into life under Section 13. The Eleventh Circuit confirmed that relief under Section 19 "comes with important limitations that are absent in Section 13(b)." 2023 WL 465660, at *4. That court held, for example, that Section 19 was limited to allowing relief "necessary to redress injury to consumers," thus restricting "any exemplary or punitive damages." *Id.* The Eleventh Circuit and other courts thus recognize limits on the equitable authority available under Section 19. *See, e.g.*, *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 469 (11th Cir. 1996). So even if there were any lawful basis in this case for the Receiver's campaign against Wells Fargo, that campaign would have a narrower scope under Section 19 than under the current pre-*AMG Capital* appointment order

February 13, 2023
Page 2

based on Section 13.  A modification to the appointment order based on the limits of Section 19 thus would still redress Wells Fargo's injury at least in part.

        Sincerely,

        <u>/s/ Brian D. Schmalzbach</u>
        Brian D. Schmalzbach
        MCGUIREWOODS LLP
        800 East Canal Street
        Richmond, VA 23219
        T: (804) 775-4746
        bschmalzbach@mcguirewoods.com

        *Counsel for Appellants*
        *Wells Fargo & Company and*
        *Wells Fargo Bank, N.A.*

cc:    Counsel of Record by ECF

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

Dated: February 13, 2023  /s/ *Brian D. Schmalzbach*
Brian D. Schmalzbach