

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Michael D. Bergman
Office of General Counsel
Phone: (202) 326-3184
Email: mbergman@ftc.gov

May 25, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

Re: *FTC v. Apex Capital Group, LLC*, No. 22-55342

Dear Ms. Dwyer:

Pursuant to F.R.A.P. 28(j), I write to inform the Court of the decision in *FTC v. Hewitt*, No. 21-56037, 2023 WL 3364496 (9th Cir. May 11, 2023), a published opinion pertinent to an issue in this case.

We showed in our brief that Wells Fargo lacks Article III standing to intervene in this case in part because redress for its asserted injury is unlikely. One reason for that unlikelihood is that redress depends on the district court's willingness to modify the underlying judgments in this case under Fed. R. Civ. P. 60(b) in the wake of *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021). Such a modification, we showed, is purely speculative (and indeed had already been denied by the district court with respect to different litigants). FTC Br. 22-24.

The Court's decision in *Hewitt* underscores the unlikelihood of relief under Rule 60(b). *Hewitt* affirmed the district court's order in *FTC v. John Beck Amazing Profits, LLC*, No. 9-cv-4719-MWF, 2021 WL 4313101 (C.D. Cal. Aug. 19, 2021), declining to vacate a judgment in the wake of *AMG* under Rule 60(b). *See* FTC Br. 24 n.9. As pertinent here, the Court held that relief under Rule 60(b)(5) was unavailable because the monetary judgment lacked prospective application. 2023 WL 3364496, at *4. The Court also held that Rule 60(b)(6) relief was available only in "extraordinary circumstances," and that *AMG* was "hardly extraordinary"

where the underlying judgment was "consistent with then-prevailing circuit precedent." *Id*. at *5. Moreover, the gravity of the unlawful conduct, the extent of consumer injury, and "the potential for materially similar relief under alternative remedial pathways" also disfavored relief. *Id.* at *6. Each of those factors is present in this case. *Hewitt* therefore supports the district court's conclusion that "Wells Fargo fails to establish that its injury could be redressed through intervention[.]" 1-ER-6.

          Sincerely,

          s/ *Michael D. Bergman*
          Michael D. Bergman
          Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the body of the foregoing letter contains 306 words and is thus in compliance with the 350-word count limit in Fed. R. App. P. 28(j) and 9th Cir. R. 28-6.

May 25, 2023                                     *Michael D. Bergman*
                                                 Michael D. Bergman
                                                 Attorney
                                                 Federal Trade Commission

## CERTIFICATE OF SERVICE

I certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

May 25, 2023                                     *Michael D. Bergman*
                                                 Michael D. Bergman
                                                 Attorney
                                                 Federal Trade Commission