# McGuireWoods

**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**Brian D. Schmalzbach**
Direct: 804.775.4746
bschmalzbach@mcguirewoods.com

June 12, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

  **Re: No. 22-55342, *FTC v. Apex Capital Group, LLC***

Dear Ms. Dwyer,

  Contrary to the FTC's May 25 Rule 28(j) letter, *FTC v. Hewitt*, 68 F.4th 461 (9th Cir. 2023), is irrelevant to Wells Fargo's Article III standing to intervene.

  The FTC brings *Hewitt* to the Court's attention for the proposition that Wells Fargo lacks a redressable injury for Article III standing because vacating the underlying judgments pursuant to Fed. R. Civ. P. 60(b) is speculative. *Hewitt* does not support the FTC's proposition.

  Critically, the *Hewitt* defendant was attempting to retroactively apply *AMG Capital* to vacate an equitable monetary judgment entered against him under Section 13(b) more than three years prior. Wells Fargo does not seek to vacate the stipulated judgments entered in *Apex*, was not a defendant in the *Apex* case, and is not seeking to retroactively apply *AMG Capital*. Indeed, Wells Fargo has made very clear in its intervention papers and the appeal briefing that it seeks to apply *AMG Capital* for the *prospective* relief sought by the Receiver through the Wells Fargo Litigation. Not only does the FTC's application of *Hewitt* necessarily require a merits analysis that is premature and not before this Court, it also attempts to focus on a merits determination that is unnecessary to establish redressability for Article III standing. The only question required to establish redressability for purposes of Article III standing is whether Wells Fargo's claim is *likely* to be redressed through a positive ruling. Because of the material differences in *Hewitt*, it does not render Wells Fargo's injury speculative.

  Accordingly, due to these material differences, *Hewitt* does not render Wells Fargo's injury unlikely to be redressed.

              Sincerely,

              */s/ Brian D. Schmalzbach*

June 12, 2023
Page 2

                                          Brian D. Schmalzbach
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4746
bschmalzbach@mcguirewoods.com

*Counsel for Appellants*
*Wells Fargo & Company and*
*Wells Fargo Bank, N.A.*

cc:      Counsel of Record by ECF

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

Dated: June 12, 2023                 */s/ Brian D. Schmalzbach*
                                                 Brian D. Schmalzbach