

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Michael D. Bergman
Office of General Counsel
Phone: (202) 326-3184
Email: mbergman@ftc.gov

September 21, 2023

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

Re: *FTC v. Apex Capital Group, LLC*, No. 22-55342

Dear Ms. Dwyer:

Pursuant to F.R.A.P. 28(j), I write to call the Court's attention to the Fourth Circuit's decision in *FTC v. Ross,* 74 F.4th 186 (4th Cir. 2023), that supports the FTC's arguments in this case.

We showed in our brief that Wells Fargo lacks Article III standing to intervene. The bank contends (Br. 21-27) that it suffered a redressable injury from the district court's appointment of a Receiver to collect assets because the receivership orders are no longer supportable under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), after *AMG Cap. Mgmt*., *LLC v. FTC*, 141 S. Ct. 1341 (2021). We showed (FTC Br. 19-24) that the court properly held that intervention would not redress the bank's claimed injury because the orders and monetary judgments were independently supported by Section 19 of the FTC Act, 15 U.S.C. § 57b, and the Restore Online Shoppers' Confidence Act, which were unaffected by *AMG*. *See* 1-ER-6. The bank's claim that Section 19 relief is more limited, Br. 26-27, ignores that the Receiver could still seek monetary damages for its state law claims, which are not based on the FTC's regulatory scheme. FTC Br. 23.

*Ross* held that – regardless of whether Section 13(b) authorized monetary relief – "the FTC could have pursued 'materially similar relief under alternative remedial pathways." 74 F.4th at 195 (cleaned up). The court cited the Supreme

Court's recognition in *AMG*, 141 S. Ct. at 1348–52, that Section 19 is a "mechanism[ ] within the FTC Act . . . expressly facilitating consumer redress." *Id*.

    *Ross* also supports our argument that "[c]ourts have had little difficulty rejecting *AMG*-based challenges under Rule 60(b) especially where Section 19 relief is also available." FTC Br. 24 n.9. *Ross* held that "*AMG* is not sufficiently extraordinary to justify" relief under Rule 60(b)(6). 74 F.4th at 194. Holding otherwise, said the court, "would effectively eviscerate finality interests and open the floodgates to newly meritorious 60(b)(6) motions each time the law changes." *Id*. *Ross* thus further demonstrates that the relief Well Fargo seeks through intervention – Rule 60(b) relief based on *AMG* – was highly unlikely.

                                          Sincerely,

                                          s/ *Michael D. Bergman*
                                          Michael D. Bergman
                                          Attorney

**CERTIFICATE OF COMPLIANCE**

      I certify that the body of the foregoing letter contains 348 words and is thus in compliance with the 350-word count limit in Fed. R. App. P. 28(j) and 9th Cir. R. 28-6.

September 21, 2023   *Michael D. Bergman*
Michael D. Bergman
Attorney
Federal Trade Commission

**CERTIFICATE OF SERVICE**

      I certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

September 21, 2023   *Michael D. Bergman*
Michael D. Bergman
Attorney
Federal Trade Commission